ELBRIDGE G. DEAN *vs.* WILLIAM LINDSEY.

A field-driver, who takes oxen going at large in a public highway without a keeper, with the intention of driving them to the town pound, and, before driving them to the pound, drives them into his own yard, goes a third of a mile to find the owner, and, having found him, says to him, " I have taken two of your oxen and put them in my yard, and if you don't come after them, I shall drive them to the pound," is not liable to the owner for a conversion of the cattle.

ACTION OF TORT for the conversion of a yoke of oxen. The defendant admitted and justified the taking as a field-driver of the town of Taunton.

At the trial in the superior court before *Wilkinson*, J. it appeared that the defendant was a field-driver of Taunton; that, finding the oxen feeding in the public highway without a keeper, he drove them into his own yard, and fastened them in, and then went to the plaintiff's house, about a third of a mile distant, found the plaintiff in his barn, and said to him, " I have taken two of your oxen and put them in my yard; and if you don't come after them, I shall drive them to the pound; " that the plaintiff replied, " You have been wanting to make a fuss; now you have got them, you have a chance; " and that the defendant then returned to his own house, wrote some notices and immediately drove the oxen to the pound, and gave the notice required by law in cases where cattle are legally taken up and impounded.

The plaintiff asked the judge to instruct the jury, " that if the defendant drove the cattle from the public highway into his own private yard, for the purpose of notifying the plaintiff that they were there, and of giving him an opportunity to come and take them away, and did notify, as appeared by the testimony, he could not afterwards, upon his return home, be justified in law, as a field-driver, in proceeding to impound the oxen in

the town pound; that such acts were not a compliance with the statute which required him forthwith to impound them in the town pound; and that these facts showed an unnecessary delay in the impounding after the cattle were taken in the highway."

But the judge instructed the jury " that if they believed that the defendant took the oxen up in the highway, and fastened them in his own yard, and for the purpose of accommodating the plaintiff kept them there until he had seen the plaintiff, and told him, as testified, and gave him an opportunity to take them away, before he proceeded to impound them in the town pound, it was not an unreasonable delay ; and that it was a compliance with the requirements of the statute." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*J. Brown,* for the plaintiff, cited *Marblehead Mutual Fire Ins. Co.* v. *Underwood,* 3 Gray, 210; *Byron* v. *Crippen,* 4 Gray, 312; *Sherman* v. *Braman,* 13 Met. 407.

*E. H. Bennett,* for the defendant.

Merrick, J. The defendant was a field-driver in the town of Taunton. He found the plaintiff's oxen at large in one of the public highways therein, not under the care of any person; and took them up, as he had a right to do. Rev. Sts. *c.* 19, § 22. · It was his duty forthwith to impound them in the town pound. Rev. Sts. *c.* 113, § 1. Before driving them to the pound, he shut them up in his own yard, and went a third of a mile to the plaintiff, gave him notice of what had been done, and offered to give them up to him if he would take care of them. This offer was declined, and the oxen were immediately afterwards driven to the town pound, and delivered into the care and keeping of the pound-keeper. It was in reference to these facts, that the instructions which the court declined to give were asked for by the plaintiff.

The delay which occurred by giving notice to the plaintiff is not inconsistent with the performance of the duty required of the field-driver forthwith to impound the animals taken up. The plaintiff was the only person who could suffer, or who had

therefore any right to complain of any failure on the part of the defendant to conform to the requirements of law. The offer to give the cattle up was for his benefit. If it had been accepted, he would have been relieved from the payment of the charges which could lawfully have been made against him. The time occupied in making this communication and offer to him must have been very inconsiderable; and considering the relation of the parties to each other, it does not appear to have been unreasonable that, before actually committing the cattle to the pound, the field-driver should have delayed upon the way long enough to offer to surrender them to the owner. Proceeding to the full and complete discharge of his duty as soon as the offer on his part was declined, we think it may fairly be said that he did, after taking the cattle up, forthwith cause them to be driven to the pound and impounded. His diligence did not fall short of the requirements of the statute.

He would not indeed have been justified in taking up the cattle, merely for the purpose of confining them in his own yard; but if he took them, as he had a right to do, because they were at large without a keeper upon a public highway — and his intention to this effect is apparent from the facts reported — he might, in performance of the duty imposed upon him, have confined them there until he could with reasonable diligence and despatch have driven them to the pound. The delay which occurred not having been unreasonable, either in point of time, or on account of the object and purpose which occasioned it, the law is a justification of his proceedings; and no action can be maintained against him as a trespasser, either because he had no authority to take up the cattle, or because by his negligence and delay in impounding them there was an abuse of the authority under which he was entitled and required to act. *Exceptions overruled.*